UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CURTIS A. PHELPS,** | **1:17-cv-01171-LJO-EPG** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS (ECF No. 8)** |
| **v.** | |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

## I. <u>INTRODUCTION</u>

Plaintiff Curtis Phelps ("Plaintiff") brings this action *pro se* against Defendant the United States of America ("Government") challenging the Office of Personnel Management's ("OPM") decision requiring Plaintiff to redeposit $118,592.00 to OPM or receive a reduced annuity payment. Before the Court is the Government's motion to dismiss Plaintiff's claims against it for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1). Plaintiff did not file an opposition to the Government's motion. For the reasons discussed below, the Court GRANTS the Government's motion to dismiss.

## II. <u>BACKGROUND</u>

Plaintiff was initially employed by the General Services Administration ("GSA") from 1968 to 1988. (ECF No. 5 at 10.) After Plaintiff's employment with GSA ended, he requested and received a

refund for his Civil Service Retirement System ("CSRS") retirement deductions in the amount of $31,419.91. *Id.* In addition, Plaintiff initiated an employment lawsuit against GSA which settled in 1992. (ECF No. 1 at 9-13.) The settlement agreement reinstated Plaintiff's employment with GSA and stated in Paragraph 2(e) that "[t]here will be no recoupment by the government of the severance pay previously paid to plaintiff." (ECF No. 1 at 10.) In 2014, Plaintiff retired from GSA under voluntary retirement provisions. (ECF No. 5 at 13.)

In August, 2014, Plaintiff received a letter ("the 2014 letter") which informed Plaintiff that his monthly annuity would be reduced based on Plaintiff never having redeposited the retirement deductions he received in 1989 after leaving GSA employment in 1988. (ECF No. 1 at 7; 5 at 10.) The 2014 letter also instructed Plaintiff that if he paid a deposit of $118,592.00 to OPM, his annuity would be increased; however, if he failed to make the payment in full within 30 days after his first regular monthly payment, then the reduced monthly annuity rate would become final. *Id.* Plaintiff never paid OPM the requested redeposit and never "requested a review of his annuity or requested reconsideration of the amount of his annuity." (ECF No. 5 at 7-8.) In August, 2017, Plaintiff filed a complaint in this Court, alleging that OPM, by requiring Plaintiff to redeposit $118,592.00, breached the terms of the 1992 settlement agreement, specifically Paragraph 2(e), prohibiting the government from recouping severance pay. (ECF No. 1 at 4.)

In November, 2017, the Government filed its motion to dismiss for lack subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1). (ECF No. 5. at 3-6.) Supporting their assertion, the Government included a copy of the initial decision letter from OPM to Plaintiff, dated November 7, 2017 ("the 2017 letter"). (ECF No. 5 at 13-15.) The 2017 letter explained that when Plaintiff was rehired by GSA, he never redeposited the refund of the retirement deductions he received in 1989, and therefore, Plaintiff's annuity would remain reduced unless he made a redeposit adjusted in 2017 dollars. (ECF No. 5 at 13.) Additionally, the 2017 letter included instructions on how to file a request for reconsideration and requested that Plaintiff respond within 30 days of receiving the letter. Plaintiff has

1  not filed an opposition to the Government's motion and there is no indication in the record whether

2  Plaintiff has requested reconsideration and a final decision from OPM.

3      The Government moves to dismiss these claims, asserting that this Court does not have

4  jurisdiction over Plaintiff's claim pursuant to Fed. R. Civ. P 12(b)(1) because (1) Plaintiff has failed to

5  exhaust his administrative remedies, and (2) the exclusive jurisdictional forum for Plaintiff's appeal is

6  the United States Court of Appeals for the Federal Circuit ("Federal Circuit").

7                          III. **STANDARD OF DECISION**

8      Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-

9  matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the

10  existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.

11  1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary

12  affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

13  A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242

14  (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*:

15          In a facial attack, the challenger asserts that the allegations contained in a complaint are
            insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the
16          challenger disputes the truth of the allegations that, by themselves, would otherwise invoke
            federal jurisdiction. 373 F.3d 1035, 1039 (9th Cir. 2004).
17

18      In a factual Rule 12(b)(1) challenge, "the district court is not restricted to the face of the

19  pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes

20  concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

21  "Once the moving party has converted the motion to dismiss into a factual motion by presenting

22  affidavits or other evidence properly brought before the court, the party opposing the motion must

23  furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter

24  jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040

25  n.2 (9th Cir. 2003). Here, the Government submits evidence supporting its motion to dismiss.

Therefore, the Court will treat it as a factual attack.  *See Safe Air*, 373 F.3d at 1039 (allowing the court to consider evidence outside the complaint without converting the motion into a summary judgment motion).

The failure to exhaust administrative remedies is a bar to federal subject matter jurisdiction "where the exhaustion statute explicitly limits the grant of subject matter jurisdiction and is an integral part of the statute granting jurisdiction."  *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 979 (9th Cir. 2002).  When a statute creates a comprehensive administrative framework for adjudicating benefits, those administrative remedies must be exhausted before a court may exercise jurisdiction.  *McNeil v. United States*, 78 Fed. Cl. 211, 236 (2007); *see Rogers v. U.S.*, 15 Cl. Ct. 692, 698 (1988) (court lacked jurisdiction to conduct an independent determination of Plaintiff's federal retirement benefits because 5. U.S.C. § 8331 *et seq.* prescribes a comprehensive administrative framework for adjudicating benefits).

## IV. <u>ANALYSIS</u>

### A.    <u>Plaintiff Has Not Exhausted Available Administrative Remedies</u>

A federal employee's retirement benefits are determined pursuant to either the CSRS, 5 U.S.C. §§ 8331-8351, or the Federal Employees' Retirement System ("FERS"), 5 U.S.C. §§ 8401-8479.  Under either CSRS or FERS, disputes regarding retirement benefits are subject to a mandatory administrative exhaustion process through OPM.  "OPM has charge of the adjudication of all claims arising under [the retirement provisions] of title 5, United States Code, and of all maters directly or indirectly concerned with these adjudications."  5 C.F.R. § 831.101(a).  "Congress entrusted the OPM with administering the CSRS and FERS, and to adjudicate all claims arising under these retirement systems."  *Agee v. United States*, 77 Fed. Cl. 84, 92 (2007).  Prior to any court adjudicating a CSRS benefit claim, "[c]laiments must first exhaust their administrative remedies before the OPM, 5 U.S.C. §§ 8347(a)-(b), from which appeals may be taken to the Merit Systems Protection Board, *id*. § 8347(d)(1)."  *McNeil*, 78 Fed. Cl. at 236.

Plaintiff brings suit to recover money allegedly due him under the CSRS and is thus subject to OPM adjudication. 5 C.F.R. § 831.101(a). In 2014, OPM sent Plaintiff the 2014 letter informing him of the annuity reduction and asking for a redeposit within 30 days of receiving the letter. (ECF No. 1at 7.) Plaintiff did not respond. Three years later, in 2017, Plaintiff filed his complaint. In November, 2017, the Government responded to Plaintiffs complaint with a motion to dismiss. (ECF No. 1.) Plaintiff did not respond to the Government's motion. Also in November, 2017, OPM reviewed Plaintiff's retirement file and made an initial decision, detailed in the 2017 letter. This decision was appealable within 30 days. (ECF No. 5. at 13.) There is no evidence in the record that Plaintiff responded to OPM's letter or received a final OPM decision. There is also no evidence in the record that Plaintiff has exhausted his appeals with the MSPB in accordance with 5 U.S.C. § 8347(d)(1).

The controlling statutes require that disputes concerning retirement benefits proceed to a mandatory administrative exhaustion process at OPM, with appeals to the MSPB, before a judicial remedy may be applied. *McNeil*, 78 Fed. Cl. at 236. Because failure to exhaust administrative remedies is a bar to subject matter jurisdiction, and Plaintiff has put forward no evidence showing that he exhausted administrative remedies prior to filing suit, Plaintiff has failed to demonstrate that this Court, or any other Federal Court, has subject matter jurisdiction.

**B.**    **Judicial Review of MSPB Decisions is Exclusively Vested in the Court of Appeals for the Federal Circuit.**

The Federal Circuit "is barred from adjudicating retirement benefit claims when the underlying dispute rests on personnel action subject to OPM administration, and [MSPB] review." *Agee*, 77 Fed. Cl. at 88 (*citing Lindahl v. Office of Personnel Management*, 470 U.S. 768, 774-75 (1985)). Once administrative remedies through OPM and the MSPB have been exhausted, judicial review of MSPB decisions is exclusively vested in the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A) ("[A] petition to review a final order or final decision of the [MSPB] shall be filed in the [Federal Circuit]."); *see also* 28 U.S.C. § 1295(a) ("The [Federal Circuit] shall have exclusive jurisdiction . . . (9) of an appeal from a final order

1 | or final decision of the [MSPB], pursuant to sections 7703(b)(1) and 7703(d) of title 5.").

2 |       Even if Plaintiff exhausted his administrative remedies, this Court would be the wrong forum for

3 | his claim. Jurisdiction over appeals of claims arising under the MSPB is vested exclusively with the

4 | Court of Appeals for the Federal Circuit, not the Eastern District of California. Therefore, even if

5 | Plaintiff demonstrated that he had exhausted all of his administrative remedies, this Court would still

6 | lack the jurisdiction to hear his claim.

7 | **V. CONCLUSION AND ORDER**

8 |       Because Plaintiff has failed to exhaust all administrative remedies available to him, and the

9 | exclusive jurisdiction for MSPB claims is given to the Federal Circuit, this Court GRANTS Defendant's

10 | motion to dismiss.

11 |       The Clerk of Court is directed to CLOSE THIS CASE.

13 | IT IS SO ORDERED.

14 | Dated: **January 31, 2018**       **/s/ Lawrence J. O'Neill**
15 |                                     UNITED STATES CHIEF DISTRICT JUDGE